## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                       **Case No. 05-40067-01-RDR**

JOSEPH H. JACKSON,

        Defendant.

## O R D E R

On July 14, 2006 the court sentenced the defendant. The purpose of this order is to memorialize the rulings made by the court during the hearing.

The defendant entered a plea of guilty to distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). Following the preparation of the presentence report, the government noted one objection to it. The defendant joined in that objection. The government objected to paragraph 65 of the presentence report, which stated that the mandatory minimum term of imprisonment is five years and the maximum term of imprisonment is 40 years. The objections of the parties are based upon the fact that the defendant entered a guilty plea to 21 U.S.C. § 841(b)(1)(C), which does not contain a mandatory minimum term of imprisonment and which contains a maximum term of imprisonment of 20 years. The probation office believes that the statutory provisions of 21 U.S.C. § 841(b)(1)(B) apply because the defendant admitted to distributing in excess of 5 grams of crack cocaine.

The court found it unnecessary to resolve the objections of the parties because they will not affect sentencing. See Fed.R.Crim.P. 32(i)(3)(B). Under the circumstances of this case, neither the mandatory minimum nor the statutory maximum have any relevance.

At sentencing, the defendant sought a sentence below the properly calculated guideline range, which is 37 to 46 months based upon an offense level of 21 and a criminal history category of I. The defendant argued that the sentencing factors of 18 U.S.C. § 3553(a) mandated a sentence of no more than 24 months. As support for his argument, the defendant pointed to (1) his current and past employment record; (2) his educational record; (3) his family situation; (4) his sparse criminal history; (5) his pretrial release record; and (6) the need to avoid disparity between federal and state sentences.

In determining the sentence, the court has carefully consulted the application of the guidelines and taken them into account. The court has decided that the appropriate sentence for this case is 24 months. The court believes that this sentence will meet the sentencing objectives of deterrence, punishment, rehabilitation and protection of the public. Further, the court believes that this is a fair and reasonable sentence and it is a sentence sufficient, but not greater than necessary, to comply with the aforementioned sentencing purposes in light of all of the circumstances in this

case, including the nature and circumstances of the offense and the history and characteristics of the defendant.  Finally, the court has considered the need to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct and the need to provide restitution to any victims of the offense.

**IT IS SO ORDERED.**

Dated this 17th day of July, 2006 at Topeka, Kansas.

                                s/Richard D. Rogers
                                United States District Judge